IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLOMAN MCCORMICK, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-1315-VAC |
| CLAIRE DEMATTEIS, et al., | : |
| Defendants. | : |

Solomon McCormick, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 9, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Soloman McCormick, an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

Plaintiff alleges that he "was neglected of care and/or concern" when he contracted COVID-19. (D.I. 3 at 5). He alleges his treatment consisted of temperature and oxygen/pulse checks. (*Id.*). He alleges that he was moved from unit to unit with no regard for his well-being or the well-being of other inmates. Finally, Plaintiff alleges that Defendants knew of his underlying heart condition and did not provide him proper protection and care. (*Id.* at 6). Plaintiff seeks compensatory damages and a reduction in sentence. (*Id.* at 8).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

1

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3D Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

2

(2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**DISCUSSION**

Under the Prison Litigation Reform Act of 1996, a prisoner must pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides, "No action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes

3

of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). The exhaustion requirement is mandatory. *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *Booth*, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"). The limitations period for filing § 1983 action is tolled during the period that a prisoner spends exhausting his administrative remedies. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 480 (3d Cir. 2019).

There is no futility exception to § 1997e's exhaustion requirement. *Nyhuis v. Reno*, 204 F.3d 65, 75-76 (3d Cir. 2000). An inmate must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004); *see also Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. *See, e.g., Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000).

If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion

requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000). In addition, an inmate's failure to exhaust will be excused "under certain limited circumstances," *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002); *see also See Ross v Blake*, 578 U.S. 632, 543 (2016) (an administrative procedure is not available when it operates as a simple dead end; when it is so opaque that it becomes incapable of use; and when prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation.). Further, "administrative remedies are not 'available' under the PLRA where a prison official inhibits an inmate from resorting to them through serious threats of retaliation and bodily harm." *Rinaldi v. United States*, 904 F.3d 257, 267 (3d Cir. 2018).

While exhaustion is an affirmative defense, the Court may *sua sponte* dismiss an action pursuant to § 1915A when the failure to exhaust defense is obvious from the face of the complaint. *See Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019). Plaintiff admits that the grievance process was not complete when he filed his Complaint. He states that he submitted his grievance but as of the date he filed the complaint he had not yet received a response. Given Plaintiff's admission in the Complaint that the grievance process was not complete when he filed this action, dismissal for failure to

exhaust is warranted. The Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to exhaust administrative remedies.

An appropriate Order will be entered.